COLLARD v. DELAWARE, LACKAWANNA & WESTERN R. CO.

*(Circuit Court, D. New Jersey. March 22, 1881.)*

1. JOINT TRESPASS—SEVERAL SUITS—UNSATISFIED JUDGMENT.

An unsatisfied judgment against one joint trespasser is no bar to a suit against another for the same trespass.

*Lovejoy* v. *Murray*, 3 Wall. 1.—[ED.

On Motion to Strike Out Pleas, etc.

NIXON, D. J.　This is an application to strike out the second and third pleas filed by the defendant corporation to an amended declaration.

The suit was originally brought in the supreme court of the state of New Jersey by the plaintiff against this defendant and one John McAndrews, as joint trespassers. The defendants severed in their pleadings, and after issue joined, and before trial, the Delaware, Lackawanna & Western Railroad Company, availing themselves of the provisions of the acts of congress on the subject, removed the issues which they had raised into this court for trial. The cause as to the other defendant, McAndrews, remained in the state court. It was there tried, and judgment was obtained against him in favor of the plaintiff for upwards of $2,000. After the removal here the plaintiff applied for and obtained leave to amend his declaration, and the defendant company pleaded thereto: (1) The general issue, and (2) and (3) that the alleged grievances were committed by the defendant, if committed at all, jointly with one John McAndrews; that before the filing of the amended declaration and of said pleas, to-wit, on the twenty-sixth day of February, A. D. 1878, the plaintiff had recovered a judgment against the said McAndrews in this suit, then pending in the supreme court of the state of New Jersey, for $2,199.08, for damages which he had sustained by reason of the committing of the identical trespasses in the said declaration mentioned; that the court of errors and appeals of the state of New Jersey had affirmed the said judgment on appeal, and that the same was still remaining in full force and effect.

The motion to strike out these pleas is based upon the proposition that, even if true, the facts stated are no defence to the action; that obtaining a judgment against one joint trespasser, without any subsequent satisfaction thereof, is no bar to the recovery of another judgment against another joint trespasser for the same grievances.

The conflict of authority upon this question, both in the courts of Great Britain and of the several states of the United States, is quite remarkable. But since the case of *Lovejoy* v. *Murray*, 3 Wall. 1, there has been no doubt respecting the opinion of the supreme court of the United States. After the most faithful and exhausting argument by counsel, and a careful consideration by the court, the conclusion was unanimously reached that a judgment against one joint trespasser is no bar to a suit against another for the same trespass; and that nothing short of full satisfaction, or that which the law must consider such, can make each judgment a bar.

This would seem to cover the case. As the pleas do not allege satisfaction of the judgment, the motion to strike out must prevail, with costs.